# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

No. ___7___ : ___08___-CV-___185___(_)

| | |
|---|---|
| **JESSE NIETO**, | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| **COLONEL RICHARD FLATAU, JR., USMC,** in his official capacity as Commanding Officer, Marine Corps Base, Camp Lejeune, North Carolina; and **LIEUTENANT COLONEL JAMES HESSEN, USMC**, in his official capacity as Base Magistrate/Traffic Court Officer, Marine Corps Base, Camp Lejeune, North Carolina, | ) [FIRST AND FIFTH AMENDMENTS TO THE UNITED STATES CONSTITUTION] |
| Defendants. | ) |

Plaintiff Jesse Nieto ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof alleges the following upon information and belief:

## INTRODUCTION

1. This case seeks to vindicate fundamental constitutional rights. It is a civil rights action brought under the First and Fifth Amendments to the United States Constitution, challenging the unconstitutional order, regulation, rule, policy, practice, and/or custom of Defendants that deprived Plaintiff of his right to freedom of speech and his right to the equal protection of the law.

2. Plaintiff seeks a declaration that Defendants violated his clearly established constitutional rights as set forth in this Complaint; a declaration that the order, regulation, rule, policy, practice, and/or custom that prohibits Plaintiff from expressing his political viewpoint

1

through the display of vehicle decals aboard Marine Corps Base, Camp Lejeune, North Carolina (hereinafter "Camp Lejeune") and other federal installations is unconstitutional; a permanent injunction enjoining the enforcement of this order, regulation, rule, policy, practice, and/or custom; and an award of attorney fees and costs pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act), and other applicable laws.

## JURISDICTION AND VENUE

3. This action arises under the First and Fifth Amendments to the United States Constitution. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331.

4. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

5. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PLAINTIFF

6. Plaintiff Jesse Nieto is a civilian who works at Electrical Distribution Shop 82, which is located aboard Camp Lejeune. He has been working as a civilian at Camp Lejeune since 1994.

7. Plaintiff retired from the U.S. Marine Corps in 1985, having honorably served 25 years on active duty. While on active duty, Plaintiff served two combat tours as an infantryman in Vietnam from 1966 to 1968.

## DEFENDANTS

8. Defendant Richard Flatau, Jr., is a Colonel on active duty in the U.S. Marine Corps. At all times relevant herein, Defendant Flatau was the Commanding Officer of Camp

Lejeune, acting under the color of federal law and authority. As the Commanding Officer, Defendant Flatau is responsible for creating, adopting, implementing, and enforcing the orders, regulations, rules, policies, practices, and/or customs that regulate activity aboard Camp Lejeune, including the challenged order, regulation, rule, policy, practice, and/or custom that prohibited Plaintiff's political speech as set forth in this Complaint. Defendant Flatau is also responsible for supervising and directing those persons responsible for implementing and enforcing such orders, regulations, rules, policies, practices, and/or customs, including the military police ("MP") and those persons working in the Provost Marshal's Office ("PMO") aboard Camp Lejeune. Defendant Flatau is sued in his official capacity.

9. Defendant James Hessen is a Lieutenant Colonel on active duty in the U.S. Marine Corps. At all times relevant herein, Defendant Hessen was the Base Magistrate/Traffic Court Officer at Camp Lejeune, acting under the color of federal law and authority. As the Base Magistrate/Traffic Court Officer, Defendant Hessen is responsible for implementing and enforcing the orders, regulations, rules, policies, practices, and/or customs that regulate certain activity aboard Camp Lejeune, including the challenged order, regulation, rule, policy, practice, and/or custom that prohibited Plaintiff's political speech as set forth in this Complaint. Defendant Hessen is sued in his official capacity.

**STATEMENT OF FACTS**

10. Plaintiff's youngest son, Marc, served on active duty in the U.S. Navy aboard the U.S.S. Cole. On October 12, 2000, Marc and sixteen of his shipmates were killed by Islamic terrorists. Plaintiff's son is buried at Arlington National Cemetery, which is a federal installation. A U.S.S. Cole Memorial dedicated to the fallen servicemen is located at the U.S.

Naval Station in Norfolk, Virginia. Plaintiff makes frequent visits to both locations to mourn the loss of his son.

11. As a civilian employee working aboard Camp Lejeune, Plaintiff uses his privately owned vehicle to commute to work on a daily basis.

12. Since 2001, Plaintiff has displayed various decals on his vehicle that express his viewpoint on a political issue regarding Islam and terrorism. The decals reflect the anger and sorrow Plaintiff feels over the loss of his youngest son at the hands of Islamic terrorists. The North Carolina license plate on Plaintiff's vehicle reads "USS – COLE."

13. Plaintiff's decals included the following political messages: "REMEMBER THE COLE, 12 Oct. 2000"; a gold star (depicting death in combat) for his son; a combat action ribbon; "ISLAM = TERRORISM"; two Marine Corps emblems; "WE DIED, THEY REJOICED," with a stop symbol superimposed on the star and crescent symbol; a cartoon of a young boy (Calvin from Calvin and Hobbes) urinating on the picture of a Muslim; the U.S. flag and a stop symbol superimposed on "The KORAN" with the words "Disgrace My Countries (sic) Flag" "And I will SHIT On Your Quran"; "No Quarter" above a stop symbol superimposed on the star and crescent symbol; and "Islamic Terrorists." True and accurate photographs of Plaintiff's decals and messages are attached to this Complaint as Exhibits 1 and 2.

14. Plaintiff expressed his political message through the display of his vehicle decals without complaint for nearly 7 years. Plaintiff's decals caused no disruptions, disturbances, traffic problems, or safety concerns.

15. On or about July 24, 2008, Plaintiff was informed through his supervisor that he would be fired if he did not remove the decals from his vehicle.

4

16. During the morning of July 31, 2008, Marine Major Louis Maida, a deputy command inspector for the Command Inspectors Office at Camp Lejeune, came to Plaintiff's place of work and demanded to see Plaintiff's vehicle and its decals. Upon viewing the decals, Major Maida ordered Plaintiff to remove them. Plaintiff told the Major that he was no longer on active duty and that he wanted a written order telling him which decals he had to remove. Plaintiff wanted an explanation. Major Maida did not respond.

17. Later that same day (July 31, 2008), two MPs from Camp Lejeune PMO issued Plaintiff an "Armed Forces Traffic Ticket" for displaying "offensive material." The MPs told Plaintiff that their "Colonel" wanted the decals removed from his vehicle before the weekend. The ticket required Plaintiff to "report to" building 60 (base traffic court) at 8:00 a.m. on August 1, 2008.

18. On August 1, 2008, Plaintiff appeared before Defendant Hessen. Defendant Hessen ordered Plaintiff to remove three decals from his vehicle: the "Islam = Terrorism" decal; the decal with the U.S. flag and a stop symbol superimposed on "The KORAN" with the words "Disgrace My Countries (sic) Flag" "And I will SHIT On Your Quran"; and the cartoon of the young boy urinating on the picture of a Muslim. Defendant Hessen sent a Marine to escort Plaintiff to his vehicle and to supervise the removal of the decals. The decals were removed on the spot. The offending decals and messages are depicted in Exhibit 1 attached to this Complaint.

19. Consequently, as of the afternoon on August 1, 2008, the only political messages displayed on Plaintiff's vehicle were the following: "REMEMBER THE COLE, 12 Oct. 2000"; "WE DIED, THEY REJOICED," with a stop symbol superimposed on the star and crescent symbol; two Marine Corps emblems; a gold star (depicting death in combat) for his son; a

5

combat action ribbon; "No Quarter" above a stop symbol superimposed on the star and crescent symbol; and "Islamic Terrorist." These decals and messages are depicted in Exhibit 2 attached to this Complaint.

20. On August 15, 2008, Plaintiff was ordered once again to appear before Defendant Hessen at building 60. During this appearance, Defendant Hessen ordered Plaintiff to remove all the remaining decals from his vehicle. Plaintiff refused. Consequently, Defendant Hessen issued the following written order: "You are hereby ordered to remove your vehicle from this (and every other Federal Installation) until the offensive stickers are removed from it. The vehicle shall not be allowed back on to the installation until the stickers are removed. No other vehicle under your possession shall be brought onto this installation (or another Federal Installation) with the same or similar offensive stickers." The offense date was listed as August 14, 2008.

21. During this appearance, Plaintiff asked Defendant Hessen what the criteria were for finding the decals "offensive." Defendant Hessen responded, "It's just what I think," or words to that effect.

22. There are no objective criteria for determining whether a particular vehicle decal, bumper sticker, art, or other similar display or adornment or the message or viewpoint expressed by such a display or adornment aboard Camp Lejeune is "offensive." Consequently, there are no narrowly drawn, reasonable, and definite standards or objective factors guiding the decisions of Defendants as to whether Plaintiff's political speech is "offensive" and therefore prohibited. Thus, Defendants have unbridled discretion to determine which political viewpoints are permitted and which are prohibited.

23. On account of the order prohibiting Plaintiff from expressing his political viewpoint aboard Camp Lejeune and other federal installations, Plaintiff can no longer use his vehicle to commute to work, nor can he drive his vehicle to a U.S. Post Office, which is a federal installation. Additionally, Plaintiff can no longer use his vehicle to visit his son's grave at Arlington National Cemetery, nor can he use his vehicle to visit the U.S.S. Cole Memorial in Norfolk, Virginia. Plaintiff wants to take his vehicle onto federal installations, specifically including Camp Lejeune, and he wants to continue expressing his political message through the display of his decals; however, due to the actions of Defendants, Plaintiff is prohibited from doing so.

24. Defendants ordered Plaintiff to remove his decals because Defendants disagreed with the viewpoint of Plaintiff's political message.

25. Vehicle decals, bumper stickers, art, and other similar adornments are allowed to be displayed on vehicles that enter Camp Lejeune. Consequently, Defendants created a forum for this permissible form of expression aboard Camp Lejeune.

26. As a result, on any given day there are numerous vehicles that are permitted aboard Camp Lejeune that display various commercial, political, religious, sexual, and personal messages through decals, bumper stickers, art, or other similar vehicle adornments, including the following: Confederate flags in all shapes and sizes; decals with a Confederate flag and the words, "IF THIS OFFENDS YOU . . . YOU NEED A HISTORY LESSON"; "Darwin" fish, which mock Christianity; sexually explicit symbols such as silhouettes of naked women; bumper stickers with the words, "YOUR CHILD MAY BE AN HONOR STUDENT BUT YOUR DRIVING SUCKS" and "WHEN 'YA HAVE 'EM BY THE BALLS THEIR HEARTS AND MINDS WILL FOLLOW"; different versions of a cartoon of a young boy (Calvin from Calvin

and Hobbes) urinating on various symbols; decals and bumper stickers endorsing various political candidates for office; decals with "I ♥ My Sailor," "TERROR ALWAYS THE HARD WAY," and "WHY EXPERIMENT ON ANIMALS WHEN THERE ARE SO MANY DEMOCRATS"; various symbols representing college and professional sports teams; and even "brass balls" hanging from trailer hitches. True and accurate photographs of some of these vehicle decals, bumper stickers, art, and adornments are attached to this Complaint as Exhibits 3, 4, 5, and 6. All of the messages expressed by these decals, bumper stickers, art, or other similar vehicle adornments are permitted aboard Camp Lejeune. Defendants would also permit decals with the star and crescent symbol and the words "Islam = Love." Accordingly, none of the viewpoints expressed by these messages are considered "offensive" by Defendants.

27. According to Camp Lejeune Base Order P5560.2M, vehicle "[o]wners are prohibited from displaying extremist, indecent, sexists, or racist messages on their motor vehicles in any format (bumper stickers, window decals, art, or other adornments)." However, there are no objective criteria for determining whether a particular bumper sticker, window decal, art, or other adornment or the message or viewpoint expressed by the display is "extremist, indecent, sexist, or racist." Consequently, there are no narrowly drawn, reasonable, and definite standards or objective factors guiding the decisions of Defendants, thereby granting Defendants unbridled discretion to determine which speech is permitted and which speech is prohibited. Violators of Base Order P5560.2M "may be subject to prosecution in the Federal Courts of the United States."

28. During public addresses, the Commander-in-Chief of the U.S. armed forces, President George W. Bush, has used the terms "Islamic terrorists," "Islamic extremism," and "Islamic militants," noting that the Islamic terrorists responsible for killing Americans on

September 11, 2001, are the "same murderers . . . responsible for bombing the U.S.S. Cole." The Commander-in-Chief has indicated that the United States will give no quarter to these terrorists, stating that "we must pursue them wherever they are" and we "[w]ill not let up until our enemies are defeated and our people are secure." Consequently, it is unreasonable to conclude that the words, terms, or political viewpoint expressed by the Commander-in-Chief or those expressed by Plaintiff are prohibited on federal installations in the United States, including military bases such as Camp Lejeune.

29. Based on information received in response to a Freedom of Information Act request directed to the Commanding Officer of Camp Lejeune, aside from the action taken against Plaintiff for displaying his allegedly "offensive material," Base Order P5560.2M has not been enforced against anyone at Camp Lejeune within the past five years.

30. Defendants' ban on Plaintiff's political speech is not viewpoint neutral; it targets not subject matter, but the particular views of Plaintiff on a subject. Moreover, Defendants' policy, practice, and/or custom of allowing various commercial, political, religious, sexual, and personal messages conveyed on decals, bumper stickers, art, or other similar vehicle adornments aboard Camp Lejeune, but prohibiting Plaintiff's political message advances no legitimate government interest and is unreasonable and without justification.

### FIRST CLAIM FOR RELIEF

### (First Amendment—Freedom of Speech)

31. Plaintiff hereby incorporates by reference all above-stated paragraphs.

32. By reason of the aforementioned order, regulation, rule, policy, practice, custom, acts, and/or omissions, engaged in under the color of federal law and authority, Defendants have

deprived Plaintiff of his right to freedom of speech in violation of the First Amendment to the United States Constitution.

33. As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Fifth Amendment—Equal Protection)

34. Plaintiff hereby incorporates by reference all above-stated paragraphs.

35. By reason of the aforementioned order, regulation, rule, policy, practice, custom, acts, and/or omissions, engaged in under the color of federal law and authority, Defendants have deprived Plaintiff of the equal protection of the law guaranteed under the Fifth Amendment to the United States Constitution by preventing Plaintiff from expressing a political message through the display of his vehicle decals while permitting others to use this form of expression for other messages aboard Camp Lejeune, thereby denying the use of this forum to those whose views Defendants find unacceptable.

36. As a direct and proximate result of Defendants' violation of the Fifth Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A) to declare that Defendants violated the First and Fifth Amendments to the United States Constitution as set forth in this Complaint;

B) to permanently enjoin the enforcement of the order, regulation, rule, policy, practice, and/or custom that prohibits Plaintiff from expressing his political viewpoint through the display of his vehicle decals aboard Camp Lejeune and other federal installations;

C) to award Plaintiff his reasonable attorney fees, costs, and expenses pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act), and other applicable law;

D) to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

/s/ W. H. Paramore, III
*Attorney for Plaintiff*
LAW OFFICES OF W. H. PARAMORE, III, P.C.
P. O. Box 215
Jacksonville, NC 28541-0215
whparamore@bizec.rr.com
(910) 347-1800
Fax (910) 346-0820
NC State Bar No. 7257
LR 83.1 Counsel


/s/ Robert J. Muise
*Attorney for Plaintiff*
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
rmuise@thomasmore.org
(734) 827-2001
Fax (734) 930-7160
MI State Bar No. P62849