IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CV-185-H(2)

JESSE NIETO,

    Plaintiff,

v.

                                    **ORDER**

COLONEL RICHARD FLATAU, JR.,
et al.,

    Defendants.

This matter is before the court on plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Defendants have responded, and this matter is ripe for ruling.

In civil actions against the United States, EAJA authorizes an award of attorney's fees and expenses to a prevailing plaintiff unless "the position of the United States was substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.'" EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir.

1994). In determining whether the United States' position was substantially justified, the court must

> look beyond the issue on which the [plaintiff] prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation. In doing so, it is appropriate to consider the reasonable overall objectives of the government and the extent to which the alleged governmental misconduct departed from them.

Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993).

There is no question that plaintiff is a prevailing party in this litigation. On March 31, 2010, this court entered summary judgment in favor of plaintiff, concluding that defendants had applied Camp Lejeune's Base Traffic Regulation BO 5560.2M, Chapter 2, ¶7 in violation of plaintiff's First Amendment rights. As such, plaintiff is a prevailing party.

The question presented here is whether the government's position was substantially justified. Considering the unique nature of military installations and the broad discretion therefore afforded commanding officers in restricting expressive activity on base, the court finds that under the particular set of circumstances involved in this case the government was substantially justified in defending its regulation. The court, therefore, DENIES plaintiff's motion for attorney's fees and

expenses [DE #36]. Plaintiff's motion for costs [DE #35] will be addressed separately by the clerk of court.

This 10TH day of January 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31